JOHNSON *v.* HOBART *et al.*

(*Circuit Court, D. Minnesota, Third Division.* March 31, 1891.)

JURY—MISCONDUCT—MEALS AT EXPENSE OF A PARTY.
 When the jury were sent out it was suggested by the court that no provision was made by law for furnishing meals to the jury, and counsel were asked, if it became necessary to give the jury refreshments, whether the parties would share the expense. Defendants' counsel declined to do so. Meals were subsequently provided and paid for by plaintiff. *Held,* that a verdict in his favor must be set aside.

At Law. On motion for new trial.
*Arctander & Arctander,* for plaintiff.
*D. A. Seacombe,* for defendant.

NELSON, J. I am constrained to grant a new trial in this case. Anciently it was the rule that a verdict was rendered void by the jury's eat-

ing and drinking between the charge of the court and the verdict. The origin of this regulation is a little curious. Dr. Gilbert Stuart, in his "Historical Dissertation Concerning the Antiquity of the British Constitution," says "that from the propensity of the older Britons to indulge excessively in eating and drinking has proceeded the restriction upon jurors and jurymen to refrain from meat and drink, and to be even held in custody, until they had agreed upon their verdict." Jurors in our day, perhaps, are not unlike their forefathers; at least the congress thinks so. This rule in modern times has been so far modified that a verdict cannot be impeached on account of the jury eating after they have received the charge, and are sent out, unless it appears that the refreshments were furnished at the expense of the prevailing party. The congress has made no provision for furnishing meals to jurors, except in United States cases; so that in all cases in which the United States is not a party the ancient rule appears indirectly to be favored. Meals were furnished the jury by the plaintiff's counsel after they were sent out, and before verdict, and the plaintiff prevailed in the suit. I should not ordinarily set aside a verdict and grant a new trial for that reason unless it appeared that the defeated party had suffered on that account; but when the jury were sent out in this case it was suggested by the court that no provision was made by law for furnishing meals to the jury, and counsel were asked, if a necessity arose for giving the jury refreshments, whether the parties plaintiff and defendant would share the expense, whereupon the defendants' counsel declined to do so. All trials by jury ought to be effectually guarded against any kind of influences by which a party may derive any possible advantage, and, as counsel for the defeated party declined to share the expense of providing refreshments, and the same were furnished and paid for by the prevailing party, a new trial must be granted under the circumstances, although it does not appear that the verdict was determined thereby.

Verdict set aside, and new trial granted; costs to abide event of same.